CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
NOV 0 8 2011
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

Sharon J Lammie-Morgan, )
)
            Plaintiff(s) )
)
v. )
)   Civil Action No. 1:11CV00082
)
THE HOME DEPOT USA, INC )
**Serve: The Home Depot USA, Inc.** )
    **Store Support Center** )
    **ATTN: Legal Department** )
    **2455 Paces Ferry Road, NW** )
    **Atlanta, GA 30339,** )
            Defendant(s) )
)
)
)

## COMPLAINT

Plaintiff Sharon J Lammie-Morgan states as follows:

### JURISDICTION AND VENUE

(1)     This is an action for declaratory relief, injunctive relief, and damages, and to address deprivation of rights secured by 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000-e, et seq. (hereinafter "Title VII") providing for relief against harassment and discrimination in employment on the basis of race.

(2)     Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1343, 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1981.

1

(3)  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on April , 2010; received a notice of right to sue dated August 11,2011 and files this complaint within 90 days of receipt of the notice of right to sue.

## PARTIES

(4)  At all times material hereto, plaintiff is and has been a resident of the Town of Jonesborough and the State of Tennessee. Plaintiff's race is African-American. Plaintiff gave notice that she intends to bring this action on behalf of herself.

(5)  Defendant The Home Depot USA, Inc. is a corporation or other business entities doing business in the Western District of Virginia and elsewhere.

(6)  Defendant is "person" within the meaning of 42 U.S.C. §12111(7) and Title VII, Section 701, 42 U.S.C. §2000e. Defendant employ 150 or more employees and is an "employer" within the meaning of 42 U.S.C. §12111(5)(A), and is engaged in an industry affecting commerce within the meaning of U.S.C. §12111(7), and Title VII, Section 701, 42 U.S.C. §2000e.

## STATEMENT OF FACTS

(7)  Plaintiff worked for defendant from approximately 1999 until she was constructively discharged or her employment was terminated in March 2010 on account of plaintiff's race.

(8) In 2007, the defendants restructured the Human Resources arm of the organization with the decision to remove Human Resource Managers from each store and place only three per district.

(9) At that time, the District Human Resources Manager (Caucasian) and the Store Manager (Caucasian) allowed the out-going Human Resource Manager to work for two full weeks, with complete access to store systems, after his termination date. None of the management staff (all Caucasian) were questioned or disciplined for this allowance.

(10) In January 2010, defendants once again restructured the Human Resources arm of the organization. This time they were removing the district positions completely and going to an Atlanta-based call center for Human Resource facilitation. The changes would go into effect in April 2010.

(11) On March 19, 2010, the plaintiff met with one of the out-going Human Resources Managers on her day off for casual reasons. The Human Resources Manager asked the plaintiff to accompany her to the local Home Depot so something could be given to the Store Manager.

(12) On the way, they discussed the plaintiff's Q3/Q4 bonus and the fact that the plaintiff could not access the current amount due and the Human Resources Manager advised she would check for the plaintiff while at the store. The plaintiff waited while the Human Resources Manager accessed the information, but was unable to access the

information; it was the same information the plaintiff had access to and the printer was not working correctly. A few employees witnessed this action.

(13) The plaintiff then followed the Human Resources Manager to the rear of the store where she spoke to several employees while waiting for the Human Resources Manager. Upon exiting the building, the Human Resources Manager asked the plaintiff to return her copy of the store keys to the plaintiff's store manager and advised that that action would complete her duties with the company. They proceeded back to the area where the malfunctioning printer was located because the malfunctioning printer contained the amount of the plaintiff's salary and the Human Resources Manager was concerned about hourly employees being aware of the salary of a manager, especially one not assigned to that store. The Human Resources Manager was diligent until the papers came out and the two left the building.

(14) On March 21, it was announced at the evening Store Meeting by the Store Managers of the District that the three Human Resources Managers were no longer with the company, but would be receiving severance packages and pay until June 2 2010 and that they would be missed.

(15) On March 26, 2010, the District Operations Manager and the plaintiff's Store Manager questioned the plaintiff regarding the day she was in the other store. The plaintiff answered all of their questions and wrote a statement detailing what occurred that day.

(16) On March 29, 2010, the District Human Resources Manager and the plaintiff's Store Manager called her back to the office and advised her employment would be terminated with the company for allowing a former employee to utilize company property. No other manager (all Caucasian) at the store on the day of the incident was terminated or reprimanded.

(17) The plaintiff was contacted via telephone by a former employee, that they found out the plaintiff had been terminated via Facebook®™.

(18) The plaintiff called the company aware line to have an investigation started regarding the termination. As all of the Human Resource Managers were no longer with the company, there was no return call or investigation begun until the call center was up and running, April 6, 2010. Approximately a week and a half later, the plaintiff was advised that the termination stood as they could find no evidence of wrong-doing.

(19) At the time plaintiffs employment ended, plaintiff was one of three African-American Assistant Store Managers in the district among approximately 24 Caucasian Assistant Store Managers.

## COUNT 1: CLAIM FOR RACE DISCRIMINATION

(20) Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

(21) Defendant has discriminated against plaintiff in violation of federal law in that defendant:

    a. Classified plaintiff on the basis of her race;

    b. Discriminated against plaintiff with respect to the terms, conditions or privileges of employment because of her race.

(22) As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(23) Defendants acted willfully toward plaintiff with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, plaintiff Sharon J Lammie-Morgan asks the district court to enter judgment against defendant The Home Depot USA, Inc., as follows:

    (1) issue declaratory judgment that defendant's act violate Title VII and 42 U.S.C § 1981;

    (2) issue a permanent injunction restraining defendant from violating the provisions of Title VII and 42 U.S.C. § 1981;

    (3) award damages for loss of income and employment benefits, including both front and back pay and tuition reimbursement, and damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life; as well as an award of

punitive and liquidated damages, in an amount to be determined during the course of discovery and at trial; and

(4) award to plaintiff her costs and attorney's fees and expenses.

Trial by jury is demanded.

Respectfully submitted,

SHARON J. LAMMIE-MORGAN

Date: November 8, 2011

_____
Sharon J Lammie-Morgan
PO Box 5964
Johnson City, TN 37602
sjlamorgan@gmail.com
423-737-6380